IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATRICK CONWAY                                                                PLAINTIFF

vs.                            Civil No. 4:12-cv-04065

MICHAEL J. ASTRUE,                                         DEFENDANT
Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

On November 2, 2012, Defendant filed a Motion to Remand. ECF No. 11.[1] Plaintiff responded to this Motion and has no objections. ECF No. 12. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

According to Defendant, the ALJ determined Plaintiff had the Residual Functional Capacity ("RFC") for unskilled work that requires no written work. (Tr. 13, Finding 4). Defendant states the ALJ's decision does not address the opinion of Dr. Brian Thomas Oge, a consulting physician, who found Plaintiff should not work in any exertional job due to uncontrolled hypertension. (Tr. 265). Additionally, according to Defendant, the ALJ found Plaintiff did not have a severe mental impairment. (Tr. 11). Defendant argues the evidence submitted to the Appeals Council includes mental health treatment records which predate Plaintiff's application filing date as well as State

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

1

agency psychological consultations in connection with a subsequent application. (Tr. 283-297),

Defendant requests a remand so the Commissioner may conduct further administrative proceedings and further evaluate Plaintiff's disability status. Specifically, Defendant requests the case be remanded to an ALJ for further administrative proceedings to update the treatment records concerning Plaintiff's mental impairments; further evaluate Plaintiff's mental impairments on the updated record in accordance with 20 C.F.R. § 416.920a; further consider Plaintiff's RFC on the updated record and provide rationale with specific references to evidence of record in support of the assessed limitations; and, as appropriate, secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

This Court finds this motion is well-taken and should be granted. The Commissioner's decision is reversed, and this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. In addition, the undersigned finds the Plaintiff's Complaint should be and hereby is dismissed without prejudice. Plaintiff may still, however, file a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of November 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE