IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


PATRICK CONWAY                                                           PLAINTIFF

vs.                                          Civil No. 4:12-cv-04065

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal

Access to Justice Act ("EAJA"). ECF No. 15.[1]  With this Motion, Plaintiff requests an EAJA award

of $3,438.00.  *Id.*  On January 24, 2013, Defendant responded to this Motion and objects to the

number of hours claimed by Plaintiff counsel and the request that the EAJA payment be made

directly to him, instead of to Plaintiff.  ECF No. 16.  The parties have consented to the jurisdiction

of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.

Pursuant to this authority, the Court issues this Order.

## 1. Background:

Patrick Conway ("Plaintiff") appealed to this Court from the Secretary of the Social Security

Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.  On November

15, 2012, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C.

§ 405(g).  ECF Nos. 13, 14.

On January 15, 2013 Plaintiff filed the present Motion requesting an award of attorney's fees

under the EAJA.  ECF No. 15.  With this Motion, Plaintiff requests an award of attorney's fees of

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

$3,438.00, representing 19.10 hours of attorney time at an hourly rate of $180.00.  *Id.*  On January

24, 2013, Defendant responded to this Motion and objects to Plaintiff counsel's claimed hours and

the request that the EAJA payment be made directly to him, instead of to Plaintiff. ECF No. 16.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a

prevailing social security claimant unless the Secretary's position in denying benefits was

substantially justified.  The Secretary has the burden of proving that the denial of benefits was

substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary

bears the burden of proving that its position in the administrative and judicial proceedings below was

substantially justified").  An EAJA application also must be made within thirty days of a final

judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time

for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion

of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42

U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was

specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535

U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme

Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42

U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. §
> 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of
> the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b),
> so that the [amount of total past-due benefits the claimant actually receives] will be
> increased by the . . . EAJA award up to the point the claimant receives 100 percent
> of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI").  *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA.  ECF No. 14.   Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for fees under the EAJA, and does not object to the hourly rate he requested.  ECF No. 16.  The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,438.00 under the EAJA.  ECF No. 15.  Plaintiff requests these attorney fees at a rate of $180.00 per hour for 19.10 hours of attorney work.  *Id.* This hourly rate is authorized by the EAJA as long as the CPI-South index justifies the enhanced rate.  *See* General Order 39.  *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504.  In the present action, Plaintiff's requested rate of $180.00 is authorized by CPI-South index.  Further, Defendant does not object to this hourly rate.  ECF No. 16.  Thus, this hourly rate is authorized by the EAJA,

and this Court finds Plaintiff is entitled to $180.00 per hour of attorney work performed.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 15-1.  Defendant has objected to some of the hours for which counsel seeks a fee award and argues they are excessive and unreasonable.  ECF No. 16.

Defendant objects to Plaintiff counsel's request for a total of 1.50 hours of attorney time for work spent in an "Office Conference with Claimant to discuss representation in Federal Court and reviewed ALJ decision and Appeals Council decision."  ECF No. 16, Pgs. 3-4.  Defendant argues this Court has previously held that 1.00 attorney hour is a reasonable amount of time for similar type of work.  *See Murchison v. Astrue*, 2012 WL 359572, (W. D. Ark. June 28, 2012).  Each request for fees under EAJA is unique.  Based on the review of counsel's itemization, this Court does not find Plaintiff's request for 1.50 hours for client conference to be unreasonable.

Defendant also objects to Plaintiff counsel's request for compensation for .20 hour spent receiving and reviewing Defendant's Unopposed Motion for Extension of Time to File Appeal on October 25, 2012 and .10 hour for receiving and reviewing the file on October 26, 2012, when he had claimed .10 hour for reviewing the file the previous day and there was no intervening event other than the Court's Order granting Defendant's Unopposed Motion for Extension of Time to File Appeal Brief.  Based of the review of counsel's itemization, this Court does not find Plaintiff's request for these hours to be unreasonable.

Therefore, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,438.00, representing 19.10 hours of attorney time at an hourly rate of $180.00.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).  ECF No. 16.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010).  Thus, these fees must

be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid

assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no

outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$3,438.00** pursuant to the EAJA, 28

U.S.C. § 2412.

**ENTERED** this **30th day of January 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE